IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00158-RBJ

GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION, a Delaware corporation,

Plaintiff,

v.

STANWOOD MOTORSPORTS WEST, LLC, a Colorado limited liability company,

Defendant.

## AMENDED ORDER

Plaintiff (referred to in the plaintiff's papers as "CDF") requests immediate, ex parte relief in the form of a "temporary order to preserve property" pursuant to Colorado Rule of Civil Procedure 104(f) (incorporated by Fed. R. Civ. P. 64) or a temporary restraining order pursuant to Fed. R. Civ. P. 65(b).

Briefly, CDF alleges that in February 2010 it entered into a floorplan financing agreement with the defendant (referred to in the plaintiff's papers as "Dealer"), essentially to provide the funds need by Dealer to purchase snowmobiles and other powersports inventory for sale to the public. The inventory purchased with the loan proceeds collateralized the loan. Dealer was required to repay the loan through the proceeds of sales of the inventory.

In October 2014, as the result of an inspection of Dealer's facility in Silverthorne, Colorado, CDF determined that Dealer had sold nearly $63,000 of inventory "out of trust," meaning that it had not remitted sales proceeds to CDF as required. On October 14, 2014 CDF

sent a default notice giving Dealer 10 days to cure the default or CDF would terminate the agreement and accelerate the remaining indebtedness due.  CDF alleges that the default was not cured, and CDF notified Dealer if termination and acceleration as promised.  CDF allowed Dealer to remain in possession of the collateral in order to liquidate what remained.  However, by January 7, 2015, believing that Dealer had not made any substantial payments towards its debt or provide a feasible repayment schedule, CDF gave Dealer until January 14, 2015 remit payments received and surrender remaining inventory.  CDF alleges that January 14, 2015 came and went without remission of payments or surrender of collateral.

CDF alleges that the outstanding debt, including principal, interest and charges, is at least $302,013.80.  It filed the present suit on January 22, 2014 seeking an order of replevin under state law with respect to the collateral, reasonable attorney's fees and costs.

It appears that Dealer has not been informed of the existence of the lawsuit or the pending request for immediate temporary relief.  It justifies this lack of notice on the basis that if Dealer becomes aware of the suit before being restrained, it will have the incentive and opportunity to conceal, sell, or otherwise dispose of the remaining collateral before CDF can present the merits of its claim.

Under the state procedure, a court may issue a show cause order and set a hearing, but the order must have been served at least seven days prior to the hearing.  The court can issue such other temporary orders as may be necessary for the preservation of the rights of the parties and the status of the property.  C.R.C.P. 104(f).  Under federal rule 65(b), the court may issue a temporary restraining order without notice upon a clear showing of irreparable harm and

counsel's written certification of his efforts to give notice and the reasons why it should not be required.

The Court does not, of course, know whether Dealer would, in fact, dispose of inventory to frustrate CDF's claims if it were aware of the suit and were not restrained. However, the Court finds that the Complaint and its exhibits, and the Affidavit of Timothy Hoffman and its exhibits, are provide a sufficient showing of a motive for such actions, and irreparable harm, to justify a very short restraining order. Accordingly, the motion [ECF No. 4] is granted. The defendant is restrained from selling or otherwise removing or compromising the inventory collateral until the parties can be heard. The order will be effective upon plaintiff's posting of an appropriate bond in the amount of **$493,896.** However, the Court further orders that plaintiff take immediate steps after posting the bond to notify the defendant, and that plaintiff contact Chambers and set a hearing to occur on either Wednesday, Thursday or Friday morning of next week (January 28, 29 or 30, 2015), at which time both parties may be heard. The temporary order will expire in the absence of such a hearing.

DATED this 23rd day of January, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge